IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS SALDANA,

    Petitioner,

vs.

MARION E. SPEARMAN, Warden,

    Respondent.

                                  /

No. C 13-02773 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Petitioner, a state prisoner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee. He admits that at the time he filed this petition, he had a habeas action pending in state court.

      Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is not satisfied if there is a challenge to the fact or length of confinement pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

      Because Petitioner states that he has a habeas petition still pending before state court, his present petition appears to be unexhausted for purposes of federal habeas corpus review. Moreover, it is unclear to this Court whether Petitioner is seeking federal habeas corpus relief based on other grounds for relief raised on direct appeal and/or currently pending before state court. Accordingly, the petition must be DISMISSED for Petitioner to file an amended petition which clarifies the nature and exhaustion status of all claims which he seeks to raise in his federal petition. If Petitioner seeks

to add newly exhausted claims to his petition he shall include those in the amended petition as well. Petitioner shall use the form provided with this Order to file his amended petition.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED with leave to amend. Petitioner may file an amended petition, as set forth above, within **twenty-eight (28) days** of the date of this Order. Petitioner must use the enclosed habeas corpus form, completed in full, including the state post-conviction relief he has sought. He must clearly state his federal grounds for relief and clarify the nature and exhaustion status of all claims which he seeks to raise in his federal petition. The amended pleading must be simple and concise. Finally, he must write the correct caption and case number for this action -- Case No. C 13-02773 YGR (PR) -- on the form, and clearly label it "Amended Petition."

**Failure to file an amended petition within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

The Clerk of the Court shall send Petitioner a blank federal habeas petition form along with his copy of this Order.

IT IS SO ORDERED.

DATED:  June 25, 2013

**Yvonne Gonzalez Rogers**
**United States District Court Judge**