IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS SALDANA,

    Petitioner,

vs.

MARION E. SPEARMAN, Warden,

    Respondent.

No. C 13-02773 YGR (PR)

**ORDER GRANTING PETITIONER LEAVE TO FILE A SUPPLEMENT TO HIS PETITION; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED**

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.

    In an Order dated June 25, 2013, the Court reviewed the petition and determined that Petitioner admitted that at the time he filed this petition, he had a habeas action pending in state court. Therefore, the Court found that his present petition appeared to be unexhausted for purposes of federal habeas corpus review. Accordingly, the Court dismissed the petition with leave for Petitioner to file an amended petition which clarified the nature and exhaustion status of all claims which he seeks to raise in his federal petition.

    On July 12, 2013, Petitioner filed a response to the Court's June 25, 2013 Order. Petitioner claims that he inadvertently included a page from an "earlier (now-closed) habeas this party filed under No. Dist. Case # C-12-6026 THE (PR)."[1] (Pet'r Response at 1.) Petitioner adds: "Information on that accidentally included page #5 [which] made reference to a then still pending state petition that has since concluded; there are no state exhaustion issues barring review here in the instant matter of C 13-02773-YGR [(PR)]." (*Id.*) As an exhibit number 1 to his response, Petitioner has attached a revised page five, which indicates that he does not have any proceedings pending in state court. (*Id.*, Ex. 1.) The Court construes Petitioner's inclusion of this exhibit as a request for leave to file a supplement to the petition. The Court GRANTS Petitioner's request and directs the Clerk of the Court to file the exhibit as his "Supplement to the Petition," as directed below.

---

[1] The Court notes that Case No. C 12-6026 TEH (PR) was dismissed on December 10, 2012 for failure to exhaust state judicial remedies.

Upon reviewing the original petition and the supplement to the petition, it does not appear from the face of these that they are without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk shall file pages eight and nine of Petitioner's response to the Court's June 25, 2013 Order and label them as his "Supplement to the Petition." (Pet'r Response at 8-9, Ex. 1.) The Clerk shall mark them as filed July 12, 2013, the date Petitioner's response was received by this Court.

2. The Clerk shall serve a copy of this Order, the petition and all attachments thereto, as well as the supplement to the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

3. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: August 12, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**