IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SALDANA,<br><br>   Petitioner,<br><br> vs.<br><br>MARION E. SPEARMAN, Warden,<br><br>   Respondent. | No. C 13-02773 YGR (PR)<br><br>**ORDER DENYING PETITIONER'S PENDING MOTION; GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED; AND DENYING CERTIFICATE OF APPEALABILITY** |

  Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims. In an Order dated August 12, 2013, the Court ordered Respondent to show cause why the petition should not be granted.

  Before the Court are (1) Respondent's motion to dismiss the petition for failure to exhaust state court remedies (dkt. 9) and (2) Petitioner's pending motion (dkt. 7), which the Court construes as his motion for leave to have another inmate, Laurince O'Sheigh Simpson, formally receive status as Petitioner's "next friend" or as what he refers to as "Counsel Substitute."

  For the reasons below, the Court DENIES Petitioner's pending motion, GRANTS Respondent's motion to dismiss, and DISMISSES this action.

**I. Petitioner's Pending Motion**

  Petitioner has filed a motion for leave to have inmate Simpson formally receive status as Petitioner's "next friend." Dkt. 7. On September 19, 2013, the date Petitioner filed the aforementioned motion, he claims that he was about to "be transferred out-of-state involuntarily, thereby effecting a separation between [him] and [his] pivotal and key work-product drafted, 'Counsel Substitute' Laurince O'Sheigh Simpson, removing [his] ability to timely prosecute this case." Dkt. 7 at 3.[1]

  First, the Court notes that as of Petitioner's most recent filing, dated July 21, 2014, he has *not* in fact been transferred to another facility. Dkt. 16. He is still incarcerated at the Correctional

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1 Training Facility in Soledad, California. *Id.* at 5. In addition, Petitioner seems to still be receiving
2 assistance from inmate Simpson. *Id.* at 4. In any event, the Court shall address Petitioner's pending
3 request.

4     A person other than the detained person may file an application for a writ of habeas corpus
5 and establish standing as a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A next
6 friend does not himself become a party to the habeas petition, "but simply pursues the cause on
7 behalf of the detained person, who remains the real party in interest." *Id.* There are two firmly
8 rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation -- such as inaccessibility, mental incompetency, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* at 163-64 (citations omitted). Petitioner has not met the first prong. He does not allege or show
inaccessibility, incompetency, or other disability. Rather, his request is based simply on the fact that
he is incarcerated and *pro se*, and that he requires legal assistance from inmate Simpson, who is not
an attorney but who has assisted him "with every aspect of [his] case." Dkt. 7 at 3.

    Petitioner has also not met the second prong of the test, which requires that the putative next friend have both a significant relationship with the real party in interest and true dedication to his or her interests. *See Coalition of Clergy, Lawyers and Professors v. Bush*, 310 F.3d 1153, 1161-62 (9th Cir. 2002). Petitioner does not include a declaration that describes the nature of their relationship or avers that he trusts that inmate Simpson is truly dedicated to Petitioner's interests. Given the fact that Petitioner has continued to receive help from inmate Simpson even without "next friend" status, and his failure to satisfy either prong of the "next friend" test, Petitioner's motion for leave to have inmate Simpson formally receive status as Petitioner's "next friend" is DENIED. Dkt. 7.

**II.    Respondent's Motion to Dismiss**

    **A.    Background**

    On May 12, 2009, a Contra Costa County jury convicted Petitioner, a former caregiver at an assisted care facility, of forcible rape (Cal. Penal Code § 261(a)(2); count 1); forcible oral copulation

2

1  (Cal. Penal Code § 288a(c)(2); count 2); and two counts of lewd acts upon a dependent person (Cal.
2  Penal Code § 288(c)(2); counts 3&4). With respect to counts 1 and 2, the jury found true the
3  allegation that the victim was sixty-five years old or older at the time of the offenses and that
4  Petitioner knew or reasonably should have known of the disability and condition of the victim. Dkt.
5  9-1 at 33, 35. The trial court sentenced Petitioner to seven years in prison. *Id.* at 35.

On November 30, 2011, the California Court of Appeal affirmed Petitioner's judgment in an unpublished decision. *Id.* at 27-59.

On February 22, 2012, the California Supreme Court denied review. *Id.* at 2.

In September 2012, Petitioner filed a petition for writ of habeas corpus in the Contra Costa County Superior Court, and he attaches an unsigned copy of that petition as Exhibit 1. Dkt. 1, Ex. 1; Dkt. 9-2 at 12-31. Petitioner does not provide a copy of the state superior court's order denying the petition. Respondent has also informed the Court that he does not possess a copy of the order denying Petitioner's state superior court habeas petition. Dkt. 9 at 2. However, upon reviewing Respondent's exhibits, the Court has located a copy of the state superior court's denial dated November 29, 2012 and filed on December 2, 2012. *Id.* at 38-40. The state superior court denied the petition upon determining that "[v]ague, conclusory allegations will not support writ relief." *Id.* at 39 (citing to *Ex Parte Swain*, 34 Cal. 2d 300, 303-04 (1949)). The state superior court noted that Petitioner had not attached his "record of his trial" to his petition, stating: "Petitioner must file a record adequate for writ review, which he has not done as he has filed no record whatsoever." *Id.* at 39 (citing *Sherwood v. Superior Court*, 24 Cal. 3d 183, 186 (1979)). Finally, the state superior court noted that Petitioner's ineffective assistance of counsel claims could not be reviewed because such claims "require[d] the reviewing court to review the complete record before the judge or jury who tried the case." *Id.* at 39.

According to the California Courts - Appellate Court Case Information Online Database, on January 4, 2013, Petitioner filed a state habeas petition in the California Court of Appeal, Sixth Appellate District (No. H039168). *See in re CARLOS ARMANDO SALDANA on Habeas Corpus*, Case No. H039168. Petitioner claims that he had attached "an entire boxed volume set of the case's trial transcripts so as to avoid a repeat of denial of review on the merits." Dkt. 1 at 6. On January 8,

3

2013, the state appellate court denied the petition without prejudice to refiling in the California Court of Appeal, First Appellate District. *Id.*; Dkt. 9-2 at 42. However, Petitioner claims that the state appellate court "did not return the box of transcript volumes." Dkt. 1 at 7.

On March 7, 2013, Petitioner filed a petition for writ of mandate in the California Supreme Court. Dkt. 9-2 at 4-10. As part of the relief requested in the mandamus petition, Petitioner requested for the "production of said transcripts back from the appeals court, as such were [his] only set." Dkt. 1 at 8. Shortly after he filed the mandamus petition, Petitioner then received the missing trial transcripts from the California Court of Appeal, Sixth Appellate District. *Id.* The California Supreme Court then denied Petitioner's mandamus petition on April 10, 2013. Dkt. 9-2 at 2. The record does not contain a copy of the state supreme court's denial of the mandamus petition; however, Petitioner claims that the denial was "ostensibly due to the relief-request having became rendered moot" by the return of the trial transcripts. Dkt. 1 at 8.

On April 3, 2013, Petitioner re-filed his state habeas petition in the California Court of Appeal, First Appellate District (No. A138281). Dkt. 9-3 at 2. The state appellate court denied the petition the next day, on April 4, 2013. *Id.* The parties have not attached a copy of the state appellate court's denial, and the California Courts - Appellate Court Case Information Online Database simply indicates as follows in the notes section: "THE COURT: The petition for a writ of habeas corpus is denied." *Id.*

There is nothing in the record showing that Petitioner filed a state habeas petition in the California Supreme Court.

On June 17, 2013, Petitioner filed the instant petition.

**B.      Analysis**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct

4

alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Respondent moves to dismiss the petition on the ground that Petitioner failed to exhaust any of the claims he raises in the instant petition by presenting these claims to the highest state court -- the California Supreme Court -- in either his petition for review or by filing a state habeas petition. Dkt. 9 at 2-5.

In the instant petition, which is difficult to discern as it is mostly handwritten and rather unorganized, Petitioner raises the following claims: (1) "fundamental unfairness of proceedings" because the state superior and appellate courts denied his state habeas petitions without addressing the merits of his claims, i.e., the state superior court denied his state habeas petitioner for failure to provide any record to support it; (2) ineffective assistance of appellate counsel for "failing to use due diligence in retaining a replacement [DVD] disc of a police proceeding[] involving Petitioner"; and (3) the prosecutor engaged in "bad faith in allowing to go uncorrected False (Impeachment Evidence) testimony from an expert witness, Dr. Klingman,[2] on an inculpatory point but without corroborative scientific proof." Dkt. 1 at 2, 4, 5-9, 27-32.

Respondent has attached a copy of Petitioner's petition for review to the California Supreme Court, which shows that the only claims raised to the highest state court were: (1) Petitioner's state and federal confrontation rights were violated by repeatedly allowing evidence of the claimed crime to be proven with testimonial hearsay; (2) multiple claims of ineffective assistance of trial counsel; (3) trial court abused its discretion by excluding evidence that the victim had "sexual activity . .

---

[2] According to Petitioner, Dr. Klingman was a neurologist, who "never examined Ms. Doe at the time." Dkt. 9-1 at 9.

5

1 .with a person she initially accused of rape (Patee)[3]" and the "withdrawn accusation of rape with a subsequent admission that it was consensual could have been enough in itself to raise a reasonable doubt as to whether it was consensual or not." Dkt. 9-1 at 12-23. None of the aforementioned claims were raised in the instant petition. Also, none of the claims raised in the instant petition were included in his petition for review, and Petitioner did not file a state habeas petition in the California Supreme Court. Petitioner has not submitted any evidence to the contrary. Thus, the Court finds that Petitioner has not satisfied the exhaustion requirement by "fairly present[ing]" his claims in the underlying federal petition of habeas corpus to the Supreme Court of California, the highest state court with jurisdiction to consider them in either a petition for direct review or state habeas petition. *See Picard*, 404 U.S. at 275.

Petitioner should have brought his federal constitutional claims before the California Supreme Court in order to exhaust those claims in state court. The Court finds unavailing any argument that Petitioner exhausted his federal claims by filing a petition for writ of mandate, i.e., by including these claims as *exhibits* to his mandamus petition. Dkt. 10 at 3-5. The California Supreme Court's denial of his petition for writ of mandate is *not* equivalent to a denial of a petition for writ of habeas corpus. For example, in denying the mandamus petition, the state supreme court did not consider the merits of Petitioner's federal claims, as it would have if Petitioner had filed those claims in a state habeas petition. Thus, it is clear that Petitioner has not yet exhausted all available procedures if the state supreme court has not had an opportunity to review his federal claims. "A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition." *Peterson*, 319 F.3d at 1156. Such is not the case here. It is also evident that Petitioner was familiar with the filing procedures for state habeas corpus petitions; therefore, he should have known that there was one more step -- filing his state habeas petition in the California Supreme Court -- before filing the instant petition. However, Petitioner failed to file the appropriate state supreme court petition and has not succeeded in "reaching the point where he has no state remedies available to him. . . ." *See id.* Accordingly, the Court GRANTS Respondent's motion to dismiss and DISMISSES this petition as unexhausted.

---

[3] According to Petitioner, "Mr. Patee" was another resident at the nursing home.

6

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's pending motion, which has been construed as a motion for leave to have inmate Simpson formally receive status as Petitioner's "next friend," is DENIED. Dkt. 7.

2. Respondent's motion to dismiss (dkt. 9) is GRANTED because all state judicial remedies were not exhausted before the petition was filed. The petition is DISMISSED without prejudice. Petitioner is free to re-file his petition after he exhausts all available state judicial remedies.

3. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4. The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

5. This Order terminates Docket Nos. 7 and 9.

IT IS SO ORDERED.

DATED: September 24, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**