UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO SALDANA,
    Petitioner,
    v.
MARION E. SPEARMAN, Warden,
    Respondent.

Case No. 13-cv-02773-YGR (PR)

**ORDER DENYING PETITIONER'S RULE 59(E) MOTION FOR RECONSIDERATION**

Petitioner, a former state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 24, 2014, the Court granted Respondent's motion to dismiss the petition for failure to exhaust state court remedies because Petitioner did not present his claims to the State's highest court—the California Supreme Court. Dkt. 17. The Court also denied Petitioner's motion for leave to have another inmate, Laurince O'Sheigh Simpson, formally receive status as Petitioner's "next friend" or as what he refers to as "Counsel Substitute." *Id.*

Thereafter, Petitioner filed the instant motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. 19. He also filed an addendum and a declaration in support of his Rule 59(e) motion. Dkts. 20, 20-1. Respondent filed a response to the Rule 59(e) motion. Dkt. 22.

For the reasons outlined below, the Court DENIES Petitioner's Rule 59(e) motion.

**DISCUSSION**

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where

petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to district court's denial of petition).

A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question of whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, Petitioner argues in his Rule 59(e) motion that reconsideration is warranted because the Court "misunderstood or misinterpreted" controlling law. Dkt. 19 at 2.[1] However, Petitioner's argument is unavailing because he confuses this Court's determination that his claims are unexhausted with a determination of the merits of his claims. Specifically, in the argument section of his Rule 59(e) motion, Petitioner does *not* counter the Court's finding that he failed to exhaust state court remedies for his claims. Instead, he argues that: (1) he has "rebut[ted] the presumption of correctness of the state determination of facts . . ." pursuant to 28 U.S.C. § 2254(e)(1) as to the claims in his petition, *id.* at 5-6; (2) he has demonstrated his claims have merit, *id.* at 7-8; and (3) he has "cured the default issue the Court raised as to exhaustion" based on the conclusory argument that his claims have merit, *id.* at 9. The aforementioned reasons are insufficient because Petitioner fails to present any ground for reconsideration of this Court's determination that he failed to exhaust state court remedies.

Meanwhile, in his addendum in support of his Rule 59(e) motion, Petitioner attempts to address the Court's finding that not all state court remedies were exhausted before he filed his federal petition. Dkt. 20 at 5-8. As mentioned above, the Court found that the petition was

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

1  unexhausted because Petitioner had not presented his claims to the California Supreme Court.

2  Dkt. 17 at 6.  Specifically, the Court noted that Petitioner failed to file a state habeas petition in the

3  state supreme court, stating:

> Petitioner should have brought his federal constitutional claims before the California Supreme Court in order to exhaust those claims in state court.  The Court finds unavailing any argument that Petitioner exhausted his federal claims by filing a petition for writ of mandate, i.e., by including these claims as exhibits to his mandamus petition.  Dkt. 10 at 3-5.  The California Supreme Court's denial of his petition for writ of mandate is not equivalent to a denial of a petition for writ of habeas corpus.  For example, in denying the mandamus petition, the state supreme court did not consider the merits of Petitioner's federal claims, as it would have if Petitioner had filed those claims in a state habeas petition.  Thus, it is clear that Petitioner has not yet exhausted all available procedures if the state supreme court has not had an opportunity to review his federal claims.

*Id.*  In his addendum, Petitioner now seems to argue he could not, or was not required to, exhaust state court remedies by filing a state habeas petition in the California Supreme Court.  Dkt. 20 at 5-7.  While Petitioner's arguments in his addendum are difficult to decipher, it seems he is again attempting to argue that he exhausted his state court remedies by filing a mandamus petition in the state supreme court.  *Id.* at 7.  As explained above, the Court has previously found that a denial of a mandamus petition is *not equivalent* to a denial of a state habeas petition.  Dkt. 17 at 6.  Therefore, raising such an argument—to justify reconsideration under Rule 59(e)—is unavailing because Petitioner has failed to show that the Court committed clear error in finding that his claims were unexhausted.  Petitioner also argues that by denying his mandamus petition, the state supreme court "blockaded any state court's ability to have accorded meaningful relief—by arbitrarily precluding the transcripts from the review process . . . ."  Dkt. 20 at 7.  Such an argument does not state grounds for reconsideration under Rule 59(e), but more importantly, it is without merit because its premise is incorrect.  The record indicated that Petitioner was without his trial transcripts because the state appellate court initially did not return his transcripts.  Dkt. 1 at 7.  However, in an attempt to obtain the missing transcripts, Petitioner filed the aforementioned mandamus petition in the California Supreme Court.  Dkt. 9-2 at 4-10.  As part of the relief requested in the mandamus petition, Petitioner requested for the "production of said transcripts

3

back from the appeals court, as such were [his] only set." Dkt. 1 at 8. Shortly after he filed the mandamus petition, Petitioner received the missing trial transcripts from the state appellate court. *Id.* The California Supreme Court then denied Petitioner's mandamus petition. Dkt. 9-2 at 2. This Court previously noted that the record does not contain a copy of the state supreme court's denial of the mandamus petition; however, Petitioner claimed that the denial was "ostensibly due to the relief-request having became rendered moot" by the return of his trial transcripts. Dkt. 17 at 4 (quoting Dkt. 1 at 8). Therefore, contrary to his assertions in the addendum to his Rule 59(e) motion, Petitioner was not "blockaded" from presenting his state habeas petition in the state supreme court because he had the trial transcripts available to him. Therefore, the Court finds that Petitioner's addendum does not state grounds for reconsideration under Rule 59(e).

In sum, Petitioner's arguments in his Rule 59(e) motion and addendum neither present newly discovered evidence, nor identify an intervening change in controlling law. *McDowell*, 197 F.3d at 1255. Petitioner also has not shown that the Court committed clear error in granting Respondent's motion to dismiss the petition for failure to exhaust state court remedies. *Id.* Therefore, Petitioner's Rule 59(e) motion is DENIED. Dkt. 19.

To the extent that Petitioner's declaration in support of his Rule 59(e) motion seeks reconsideration of the Court's denial of Petitioner's motion for leave to have inmate Simpson formally receive "next friend" status, reconsideration is DENIED because the Court did not commit clear error in denying such a motion. Dkt. 20-1. And the Court subsequently did not commit clear error in granting Respondent's motion to dismiss without first giving leave for Petitioner to have inmate Simpson formally receive "next friend" status. First, Petitioner failed to allege or show inaccessibility, incompetency, or other disability to warrant legal assistance from inmate Simpson. Dkt. 17 at 1-2. Second, Petitioner failed to show that the "putative next friend ha[d] both a significant relationship with the real party in interest and true dedication to his or her interests." *Id.* (citing *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1161-62 (9th Cir. 2002)). Furthermore, Petitioner did not have a likelihood of success on the merits because his claims were found to be unexhausted—deficiencies that Petitioner could not cure, even with assistance from inmate Simpson.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for reconsideration under Rule 59(e) is DENIED.[2]  Dkt. 19.

This Order terminates Docket No. 19.

IT IS SO ORDERED.

Dated: July 10, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] The Court notes that Petitioner has since been released on parole. Dkt. 22. On June 24, 2015, mail sent to Petitioner's last-known address from the Court was returned as undeliverable. *Id.* To date, Petitioner has not updated his address pursuant to Northern District Local Rule 3-11. *See* L.R. 3-11(a) (party proceeding *pro se* whose address changes while action is pending must promptly file and serve notice of change of address specifying new address).  Even though it seems that Petitioner may no longer wish to prosecute this action, the Court has resolved his pending Rule 59(e) motion by denying it, and thus this case remains closed.